```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

MICHAEL ROBINSON,                 *

    Plaintiff,                   *

vs.                               *        CASE NO. 4:09-CV-47(CDL)

ITT CORPORATION SYSTEMS           *
DIVISION, BOB HIBBARD, DUDLEY
HARDEN, RALSTON JARRETT, STEVEN   *
HARPER, VIRGINIA BARNES, and
CHAQUITA HOUREL,                  *

    Defendants.                  *

                                                   *

O R D E R

Defendants, alleging diversity jurisdiction, removed this state law defamation action from the Superior Court of Muscogee County, Georgia pursuant to 28 U.S.C. § 1441. Because the amount in controversy does not exceed $75,000 and complete diversity of citizenship does not exist among the parties, this Court does not have subject matter jurisdiction over this action. Accordingly, this action is remanded *sua sponte* to the Superior Court of Muscogee County, and Defendants' Motion to Dismiss for failure to state a claim (Doc. 3) is denied as moot.[1]

---

[1] Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

1

FACTUAL ALLEGATIONS

Plaintiff, a citizen of Georgia, filed his Complaint in the Superior Court of Muscogee County, Georgia, asserting a state law defamation claim[2] against Defendants, some of whom are Georgia residents.[3] Plaintiff alleges that he suffered damages due to the defamation and seeks unspecified "special, general and punitive damages" against Defendants, as well as "attorney['s] fees" and any "other additional relief as the Court may consider just and equitable[.]" (Compl. ¶¶ 8(a), 8(c), 8(d).)

Defendants acknowledge that complete diversity does not exist but maintain that the Georgia defendants are fraudulently joined, and thus their citizenship should be disregarded in determining diversity

---

[2] While the Court has its doubts as to whether Plaintiff has alleged facts sufficient to state a claim upon which relief can be granted, the Court, lacking subject matter jurisdiction over this action, cannot make a determination on the merits.

[3] In his Complaint, Plaintiff alleges that all Defendants are citizens of Georgia. (*See* Compl. ¶ 2.) Defendants, in their Notice of Removal, assert that Defendant ITT Corporation Systems Division is not a citizen of Georgia. (Defs.' Notice of Removal ¶ 6; *see generally* LeBar Decl., Apr. 29, 2009.) For diversity jurisdiction purposes, a corporation is deemed a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Defendant ITT Corporation Systems Division, a division of ITT Corporation, has its principal place of business in Colorado. (Defs.' Notice of Removal ¶ 6; *see* LeBar Decl. ¶¶ 3-4.) ITT Corporation is an Indiana corporation and has its principal place of business in New York. (Defs.' Notice of Removal ¶ 6; *see* LeBar Decl. ¶ 4.) Neither ITT Corporation nor ITT Corporation Systems Division conducts the majority of its business in Georgia. (Defs.' Notice of Removal ¶ 6; *see* LeBar Decl. ¶ 5.) Therefore, the Court finds, for the purposes of this Order only, that Defendant ITT Corporation Systems Division is not a citizen of Georgia. However, it is undisputed that Defendants Bob Hibbard, Dudley Harden, Ralston Jarrett, Steven Harper, Virginia Barnes, and Chaquita Hourel are citizens of Georgia. (*See* Compl. ¶ 2; Defs.' Notice of Removal ¶ 7.)

jurisdiction. Defendants also acknowledge that no specific amount of damages has been pled or otherwise alleged. Nevertheless, Defendants argue that the damages should be deemed to exceed the jurisdictional amount.

## STANDARD FOR REMOVAL

A defendant may only remove a civil action to federal court if the federal court could possess original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case, Defendants premise removal on diversity jurisdiction, which exists when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Based upon a review of Plaintiff's Complaint and Defendants' Notice of Removal, the Court finds that nothing in the present record supports diversity jurisdiction. The present record demonstrates a lack of complete diversity among the parties, and it would be sheer

speculation to conclude that the amount in controversy exceeds the jurisdictional amount.[4]

## I.  Amount in Controversy

In this case, Plaintiff seeks "special, general and punitive damages" as well as "attorney['s] fees" and "other additional relief as the Court may consider just and equitable[.]" (Compl. ¶¶ 8(a), 8(c), 8(d).)  Because Plaintiff has not pled a specific amount of damages, Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, *Inc.*, 204 F.3d 1069 (11th Cir. 2000).  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319.  If, however, the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*  "A conclusory

---

[4]The Court may examine the pleadings, along with any evidence submitted by the parties, to determine whether it has subject matter jurisdiction over this action. *See, e.g., Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005); *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Since the Court finds a lack of jurisdiction *sua sponte* Defendants have not had an opportunity to present evidence beyond the present record to support jurisdiction.  Therefore, as discussed more fully below, Defendants may file a motion for reconsideration if they wish to submit evidence in support of any good faith contention that this Court has subject matter jurisdiction over this action.

allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319-20.

In this case, Defendants make a conclusory and unsupported allegation that the amount in controversy element has been met. Specifically, Defendants merely assert that "[i]t is apparent from the face of Plaintiff's Complaint that Plaintiff seeks an amount in excess of seventy-five thousand dollars ($75,000)" because "[a]lthough Plaintiff does not identify a specific dollar value in his Complaint, he seeks recovery of special, general and punitive damages, injunctive relief[,] and attorney['s] fees for alleged defamation." (Defs.' Notice of Removal ¶ 8 (internal quotation marks omitted).) It is not facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000, and Defendants' Notice of Removal is not sufficient to establish that the amount in controversy exceeds the jurisdictional amount. Therefore, based on the present record, the Court finds that the jurisdictional amount has not been satisfied, and thus this Court lacks jurisdiction over this action.[5]

---

[5] Since the Court makes this finding *sua sponte,* the Court finds it appropriate to permit Defendants to submit additional briefing and evidence on this issue. *See, e.g., Williams*, 269 F.3d at 1319. Accordingly, Defendants may seek reconsideration of the Court's finding by filing a motion for reconsideration within fourteen days of today's Order if Defendants possess evidence which they in good faith maintain supports a finding of subject matter jurisdiction.

**II.  Complete Diversity of Citizenship**

The present record also fails to support a finding of complete diversity of citizenship among the parties, which is an alternative reason supporting this Court's remand for lack of subject matter jurisdiction.  Plaintiff is a citizen of the state of Georgia, and Defendants Hubbard, Harden, Jarrett, Harper, Barnes, and Hourel are also citizens of the state of Georgia.  (*See* Compl. ¶¶ 1-2; Defs.' Notice of Removal ¶¶ 6-7.)  Thus, in order to establish complete diversity of citizenship and the removability of this case, the joinder of the non-diverse Defendants must be found to be fraudulent.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  The Eleventh Circuit has recognized fraudulent joinder in three situations: (1) where there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where there is no outright fraud, but where the improper joinder is so egregious as to constitute fraudulent joinder.  *Id.* at 1287, 1289.  The removing Defendants bear a "heavy" burden of proving that joinder of the resident Defendants was fraudulent.  *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

6

The present record in this case does not support a finding of fraudulent joinder.⁶  The Court observes that a defendant bears a heavy burden in establishing fraudulent joinder.  "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Triggs*, 154 F.3d at 1287 (internal quotation marks omitted).  In this case, Plaintiff has pled a count of defamation against all Defendants.  Because Georgia recognizes defamation as a viable cause of action, *see, e.g., Lewis v. Meredith Corp.*, 293 Ga. App. 747, 748-49, 667 S.E.2d 716, 718-19 (2008), the Court cannot conclude that Plaintiff has fraudulently joined the non-diverse Defendants.  Furthermore, although Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) and thereby contend that Plaintiff cannot prove his cause of action against Defendants, the Court, when determining whether Plaintiff fraudulently joined the non-diverse Defendants, must not "weigh the merits of . . . [P]laintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe*, 113 F.3d at 1538.  The present record simply does not support a finding of fraudulent joinder.  Since complete diversity of citizenship does not exist among the present

---

⁶As with the jurisdictional amount, Defendants shall be given fourteen days to submit evidence of fraudulent joinder.

7

Plaintiff and Defendants, this Court lacks subject matter jurisdiction over this action.

## CONCLUSION

As discussed above, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court remands this case to the Superior Court of Muscogee County, Georgia. Defendants' Motion to Dismiss (Doc. 3) is denied as moot.

Since the Court found lack of jurisdiction *sua sponte,* the Court finds that Defendants should be permitted to submit additional argument and/or evidence to establish subject matter jurisdiction. Accordingly, Defendants shall be allowed to file a motion for reconsideration within fourteen days of today's Order which shall include their good faith arguments and evidence in support of subject matter jurisdiction. Of course, if the Court finds any arguments to lack a good faith basis, the Court will not hesitate to impose the appropriate sanctions. Consequently, Defendants should carefully consider whether a motion for reconsideration is appropriate.

IT IS SO ORDERED, this 10th day of July, 2009.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE